IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LARRY RENA TURNER,                                                                                    PLAINTIFF

V.                                                                                                   NO. 4:07CV134-P-D

MILTON GASTON, et al.,                                                                               DEFENDANTS

**OPINION**

The court, *sua sponte*, takes up the dismissal of Plaintiff's case filed under 42 U.S.C. § 1983. The court finds that Plaintiff has failed to state a claim upon which relief may be granted and dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, complains that he was wrongfully transferred from one facility to another. Plaintiff does not allege any physical injury but, nevertheless seeks monetary damages for a violation of his unidentified constitutional rights.

The Prison Litigation Reform Act provides in part, "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). In the absence of any definition of "physical injury" in 42 U.S.C. § 1997e(e), the well established Eighth Amendment standards guide the analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than *de minimis*, but need not be significant. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days — was *de minimis*).

Despite his assertions, Plaintiff has not alleged any physical injury. *See Taylor v. Milton*, No. 04-60569, 2005 WL 352637 at * 1, (5th Cir. 2005) (no 1983 claim for damages where guards confiscated legal work at gunpoint, where prisoner did not allege a physical injury). A claim for damages is barred if no physical injury is alleged. *Jones v. Greniger*, 188 F.3d 322, 326 (5th Cir. 1999). Since Plaintiff has not alleged even a *de minimis* injury, he has, therefore, failed to state claim of a constitutional nature. *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992); *Harrison v. Smith, 83 Fed. Appx. 630*, 631, 2003 WL 22946387 at *1 (5th Cir. 2003) (prisoner did not state a claim when he failed to prove he suffered any physical injury as a result of allegedly unsafe conditions of confinement).

A complaint is frivolous if it lacks an arguable basis in either law or fact, such as relying on an indisputably meritless legal theory. *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). Since Plaintiff's claim lacks a legal basis, it shall be dismissed for failure to state a claim upon which relief can be granted. Dismissal on this ground warrants the imposition of a "strike" pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Accordingly, Plaintiff is cautioned that if he accumulates three strikes he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Therefore, this cause will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Plaintiff has also earned one strike pursuant to 28 U.S.C. § 1915(g).

A final judgment shall issue in accordance with this opinion.

THIS the 17th day of September, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE